IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONE UNITY INVESTMENT, LLC | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02455 |
| AXIS SURPLUS INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § § | |

**AXIS SURPLUS INSURANCE COMPANY'S**
**MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, AXIS Surplus Insurance Company ("AXIS"), and files this Motion for Continuance and respectfully show as follows:

### I.  MOTION

This is a first-party property insurance case concerning alleged storm damage to Plaintiff's commercial property.

This case is currently set for trial on June 9, 2025, which is the first trial setting. However, counsel for AXIS has irreconcilable trial conflicts from now through the end of June. In exchange for an agreement to move the trial date, AXIS has offered to mediate the case the very next month (July 2025), but Plaintiff refuses.

Between now and the end of June, counsel for AXIS has irreconcilable conflicts, including:

- Counsel for AXIS is currently on call and preparing for the beginning of a multi-week trial involving 20 parties and 6 law firms from 3 states with over $30 million at stake in No. 4:19-cv-04211, *Urban Oaks, et al. v. Gemini Ins. Co.*, in the U.S. District Court for the Southern District of Texas (it was set to begin on April 14th but the parties are awaiting the end of an ongoing criminal trial).

- Thereafter, in mid-to-late May, counsel for AXIS will immediately go into another multi-week trial in No. 4:19-cv-03149, *Majestic Oil, Inc. v. Certain Underwriters at Lloyd's, London*, in the U.S. District Court for the Southern District of Texas, which will most assuredly run into early June.

- Then, counsel for AXIS is scheduled for trial beginning on June 2nd in No. 096-348987-23, *RSG Invests B, LLC AXIS Surplus Ins. Co.*, in the 96th Judicial District Court in Tarrant County, Texas, against the same opposing counsel in this case. AXIS is also attempting to move that trial date because the *Majestic Oil* trial will not be completed in time. Opposing counsel is also refusing to agree to a continuance. Ironically, if the trial of that case were to somehow occur, it would likely take more than a week and run into the trial setting in this case, but opposing counsel refuses to move either.

- Then, counsel for AXIS is specially set for trial in a multi-week case in mid-June in a case involving 6 law firms and 13 parties from 3 states and over $100 million at stake in No. DC-23-18094, *Crow Family Inc. et al. v. Allianz Global Risks US Ins. Co., et al.*, in the 134th Judicial District Court, Dallas County, Texas.

- The *Urban Oaks*, *Majestic Oil*, and *Crow Family* matters have all attempted mediation more than once to no avail.

Thus, AXIS's counsel has irreconcilable conflicts with the trial date in this case. In this Motion, AXIS simply requests the physical presence of its counsel at the trial of this matter.

Additionally, on a personal note, at the end of May, AXIS's counsel has a senior in high school who is graduating, with several family members coming in town to celebrate, so any free moments in the midst of these trials will be consumed with that process.

This is AXIS's first Motion for Continuance. A brief continuance is justified and will not harm Plaintiff. AXIS seeks the physical presence of its counsel at the trial of this case, but irreconcilable conflicts make that impossible. Such conflicts will clear by the very next month (July), and AXIS has offered to mediate this case that month and provided numerous date options to Plaintiff. However, Plaintiff refuses.

In addition, there are several pending Motions before the Court, which include over 1,200 pages of briefing and exhibits, including AXIS's Motion for Summary Judgment (Dkt. #7),

AXIS's Motion for Leave to File Supplemental Summary Judgment Evidence (Dkt. #9), Plaintiff's Notice of Seeking Jury Questions on the Liability of Brandon Allen and Straight Line Global (Dkt. #11), Plaintiff's Motion to Strike Potential Fee Reduction Under Tex. Ins. Code § 542A.007 (Dkt. #12), and several Response and Reply briefs regarding the same. A continuance would allow further time for the Court to consider such briefing.

Good cause exists for this continuance. AXIS is not seeking a continuance for purposes of delay or inconvenience, but so that justice may be done.

AXIS suggests a continuance to at least September 2025 and a July 31, 2025 mediation deadline.

## II.   CONCLUSION

Accordingly, AXIS respectfully requests that the Court continue the current June 9, 2025 trial setting to September 2025 or thereafter, and grant AXIS any and all further relief to which it is entitled at law or equity.

Respectfully submitted,

SHACKELFORD, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*
   Bruce R. Wilkin
   Texas Bar No. 24053549
   S.D. Tex. Bar No. 641898
   bwilkin@shackelford.law
   Artis G. Ulmer, III
   Texas Bar No. 24118569
   S.D. Tex. Bar No. 3631015
   aulmer@shackelford.law
   717 Texas Avenue, 27th Floor
   Houston, Texas 77002
   Phone: (832) 415-1801
   Fax: (832) 565-9030

ATTORNEYS FOR DEFENDANT
AXIS SURPLUS INSURANCE COMPANY

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that I informed opposing counsel of my trial conflicts and child's high school graduation and offered to mediate the case in July, but opposing counsel refused to agree to move the trial date. So, this Motion is OPPOSED.

                                                         */s/ Bruce R. Wilkin*
                                                         Bruce R. Wilkin

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record are being served with a copy of the foregoing document via CM/ECF e-service on April 14, 2025.

                                                           */s/ Bruce R. Wilkin*
                                                         Bruce R. Wilkin